IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,    )
                              )
              Plaintiff,      )
                              )
v.                            )        No. 3:17-CR-37-TAV-DCP
                              )
DEVANE CHRISTOPER ROBINSON, ET AL,)
                              )
              Defendants.     )

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to

28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the

District Court as may be appropriate. This case came before the Court on March 1, 2018, for a

motion hearing on four motions to continue the trial and reset the schedule in this case: Defendant

Hearn's Motion to Continue Trial and All Other Deadlines [Doc. 216], Defendant Robinson's

Motion to Continue Plea Deadline and Trial Date [Doc. 252], Defendant Clevenger's Motion to

Continue Plea Deadline and Trial Date [Doc. 260], and Defendant Lorenzo Canales' Amended

Motion to Continue Trial Date and Plea Deadline [Doc. 261].[1] Defendant Alfred Frazier has

moved [Doc. 264] to adopt Defendant Hearn's motion. Defendant Richard Wimberly has moved

[Doc. 265] to adopt Defendant Robinson's motion.

Assistant United States Attorney Jennifer Kolman appeared on behalf of the

Government. The following defense counsel represented the Defendants: Attorney Scott Lanzon

for Defendant Devane Christopher Robinson; Attorney M. Jeffrey Whitt for Defendant Kenneth

---

[1] Defendant Canales' initial Motion to Continue Trial Date and Plea Deadline [**Doc. 259**] is replaced by his Amended Motion and is **DENIED as moot**.

Bradley Clevenger; Attorney T. Scott Jones for Defendant Lorenzo Canales; Attorney Robert R. Kurtz for Defendant Alfred Frazier; Attorney Forrest L. Wallace for Defendant David Hearn; Attorney James H. Varner, Jr., for Defendant Christopher Holmes; Attorney Chelsea Moore (standing in for Attorney Joseph A. Fanduzz) for Defendant John Scoggins; Attorney Jonathan S. Wood for Defendant Jeffrey Stokes; Attorney A. Philip Lomonaco for Defendant Elijah Whitehead; Attorney Ruth Thompson Ellis for Defendant Richard Wimbley; and Attorney Donny M. Young for Defendant Sutton Woodard. All Defendants, with the exception of Defendant Scoggins,[2] were also present, and Defendant Canales participated with the aid of an interpreter.

Defendants Hearn, Robinson, Clevenger, and Canales ask the Court to continue the February 23 plea deadline and the March 27 trial date to permit counsel additional time to review the voluminous discovery and to prepare for trial. Defendant Hearn, who also requests a new motion deadline, notes that he entered the case and received appointed counsel on January 12, 2018. The Defendants observe that the discovery in this case is contained on fifty-four (54) disks, which include intercepted telephone conversations, audio and video recordings, police records, and numerous other documents. Defendant Canales contends that additional time is necessary because the identities of some coconspirators have not been revealed, which prevents counsel from properly evaluating the Government's case. Additionally, Defendant Canales' motion states that counsel's trial schedule during the month of December prevented him from working on this case. All four motions relate that the Government does not object to a trial continuance. Defendants Frazier and Wimberly state that they are similarly situated to these codefendants and seek to join in the motions to continue.

---

[2] Immediately before the hearing, counsel for Defendant Scoggins advised Chambers that counsel failed to notify Defendant Scoggins, who is released on conditions, of this hearing. Defendant Scoggins' absence is excused.

At the motion hearing, Mr. Wallace stated that an ends-of-justice continuance is necessary in this case. He said he was appointed to represent Defendant Hearn on January 12, 2018, and he is still reviewing the voluminous discovery. Mr. Wallace stated that he has discussed the need for a continuance with Defendant Hearn, who does not object and is waiving his speedy trial rights as to this motion. Mr. Kurtz agreed that a continuance is necessary to permit adequate trial preparation. He said he also has discussed the requested continuance with Defendant Frazier, who is released on conditions. He said that Defendant Frazier agrees that all the time until a new trial date is fully excludable under the Speedy Trial Act. Mr. Kurtz stated the Defendant understands that he must to continue to abide by his conditions of release during this time. Mr. Kurtz also asked for a new motion deadline for Defendant Frazier, stating he anticipates filing a motion with regard to the identities of unindicted coconspirators.

Mr. Lanzon stated that Defendant Robinson needed a continuance of the trial date and plea deadline. With regard to the plea deadline, he stated that AUSA Davidson and co-counsel Mr. Hindman had not been able to coordinate a meeting for the past six weeks. He stated that counsel needed additional time to attempt to negotiate an agreement. Ms. Ellis stated that Defendant Wimberly joined in this request. Mr. Whitt concurred with all of the aforementioned reasons on behalf of Defendant Clevenger.

Mr. Jones stated that Defendant Canales was similarly situated to his codefendants with regard to the need for a continuance. He stated that he and the Government were engaged in an open dialog but additional time was needed to either reach a resolution or for him to prepare for trial in the event of an impasse. None of the remaining Defendants objected to the requests to continue the trial. AUSA Kolman stated that the Government also had no objection to a continuance. The parties agreed on a new trial date of September 11, 2018.

The Court finds the Defendants' motions to continue the trial to be well-taken and unopposed by the Government. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court begins by observing that the Superseding Indictment [Doc. 34] charges that the eighteen[3] named Defendants "and others" engaged in a two-year conspiracy to distribute five kilograms of cocaine. Defendants Robinson, Clevenger, and Canales are also charged with conspiring to commit money laundering during this same timeframe. Discovery in this case is voluminous, consisting of over fifty disks, which include recordings of intercepted telephone conversations from three cellular telephones and audio and video recordings of controlled drug buys. The Court notes that it has previously declared [Doc. 121] this case to be complex for purposes of the Speedy Trial Act, due to the number of defendants and the nature of the prosecution, including the voluminous discovery stemming therefrom. 18 U.S.C. § 3161(h)(7)(B)(ii). For these reasons, the Court continues to find "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. *Id.*

Additionally, Defendants Hearn and Holmes are new to the case. Defendant Hearn, who entered the case on January 12, 2017, has requested an extension of the motion deadline. Defendant Holmes entered the case just this week, after the expiration of the motion and plea deadlines. The Court finds that it would be a miscarriage of justice to require Defendants Hearn and Holmes to proceed to trial before their counsel could complete their review of discovery and determine whether pretrial motions should be filed. *See* 18 U.S.C. § 3161(h)(7)B)(i). The Court set a new motion deadline of April 16, 2018. The Court also granted Defendant Frazier's oral

---

[3]Seven Defendants have entered into plea agreements.

request for a new motion deadline.  If any pretrial motions are filed, the parties will need time to litigate these motions.  *See* 18 U.S.C. § 3161(h)(1)(D) & -(H).  The Court also finds that counsel for Defendants Hearn and Holmes need additional time to investigate the case, interview witnesses, and prepare the case for trial.  The Court finds that all of this cannot occur before the March 27 trial date or in less than six months.  Accordingly, the Court finds that a trial continuance is necessary for counsel to have the reasonable time necessary to prepare for trial, despite their use of due diligence.  *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

For the reasons discussed above, the Defendants' motions to continue the trial [**Docs. 216, 252, 260, & 261**] are **GRANTED**,[4] and the trial is reset to **September 11, 2018**.  The Court finds that all the time between the filing of Defendant Hearn's motion on February 5, 2018, and the new trial date of September 11, 2018, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.  *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B).  The Court questioned the parties at the motion hearing and none disagreed that this time is excludable. Defendant Hearn's request to extend the motion deadline is also **GRANTED**.  The Court set a new motion deadline of **April 16, 2018**, for Defendant's Hearn, Holmes, and Frazier.  Issues already determined [*See* Doc. 236] in this case may not be relitigated.  Responses to motions are due on or before **May 7, 2018**.  If the parties file any motions requiring a hearing, the Court will schedule a motion hearing at that time.  The new deadline for concluding plea negotiations and providing reciprocal discovery is **August 10, 2018**.  The parties are to appear before the undersigned for a final pretrial conference on **August 24, 2018, at 11:00 a.m.**  The Court instructs the parties that all motions *in limine* must be filed no later than **August 27, 2018**.  Special requests

---

[4] Defendant Frazier's [**Doc. 264**] and Defendant Wimberly's [**Doc. 265**] motions to adopt these motions are also **GRANTED**.

for jury instructions shall be submitted to the District Judge no later than **August 31, 2018**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The motions to continue the trial and plea deadline [**Docs. 216, 252, 260, & 261**] are **GRANTED**. Defendant Frazier's [**Doc. 264**] and Defendant Wimberly's [**Doc. 265**] motions to join in the motions to continue are also **GRANTED**. Defendant Canales' initial Motion to Continue Trial Date and Plea Deadline [**Doc. 259**] is replaced by his Amended Motion and is **DENIED as moot**;

(2) The trial of this matter is reset to commence on **September 11, 2018**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(3) All time between the filing of Defendant Hearn's motion on **February 5, 2018**, and the new trial date of **September 11, 2018**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions for Defendants Hearn, Holmes, and Frazier is reset to **April 16, 2018**. Responses to motions are due on or before **May 7, 2018**;

(5) The deadline for concluding plea negotiations and providing reciprocal discovery is **August 10, 2018**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **August 24, 2018, at 11:00 a.m.**;

(7) Motions *in limine* must be filed no later than **August 27, 2018**; and

(8) Special requests for jury instructions with appropriate citations shall be submitted to the Chief District Judge by **August 31, 2018**.

    **IT IS SO ORDERED.**

        ENTER:

        Debra C. Poplin
        United States Magistrate Judge