UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LORENZO CANALES, )<br>)<br>Defendant. ) | No.: 3:17-CR-37-TAV-DCP-3 |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant's *pro se* motion to appoint counsel to assist him in filing a motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 661]. Defendant states that is at a high risk of contracting COVID-19 at CI Giles W. Dalby, where he is currently housed.

The Court notes that the constitutional right to assistance of counsel does not extend to motions for post-conviction relief. *Pennsylvania v. Finley*, 482 U.S. 551, 555 (1990) (holding that a defendant had no federal constitutional right to counsel in a proceeding collaterally attacking a conviction which has become final); *see also Shedwick v. Warden N. Cent. Corr. Inst.*, No. 16-3203, 2016 WL 11005052 (6th Cir. Dec. 30, 2016) ("[T]here is no right to counsel in a post-conviction action."). Moreover, no statutory authority establishes that a defendant is entitled to counsel for § 3582(c) proceedings. *See United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009) (holding that defendant was not entitled to appointment of counsel in his § 3582(c)(2) proceedings and "agree[ing] with the six circuits that have held that there is no right to appointed counsel in sentence modification

proceedings under § 3582(c)" (citing *United States v. Young,* 555 F.3d 611, 615 (7th Cir. 2009); *United States v. Olden,* 296 F. App'x. 671, 673 (10th Cir. 2008) (unpublished); *United States v. Legree,* 205 F.3d 724, 730 (4th Cir. 2000); *United States v. Townsend,* 98 F.3d 510, 512–13 (9th Cir. 1996); *United States v. Whitebird,* 55 F.3d 1007, 1011 (5th Cir. 1995); *United States v. Reddick,* 53 F.3d 462, 465 (2d Cir. 1995); *Evans v. United States,* 46 F.3d 1135, No. 94-2779, 1995 WL 46553 (8th Cir. 1995) (per curiam) (unpublished)); *cf. United States v. Johnson*, Nos. 15-6413/16-5346, 2016 WL 10704239 (6th Cir. Nov. 21, 2016) (declining to decide whether defendant was entitled to relief under § 3582(c)(2) where "independent review of the record reveal[ed] no issues of arguable merit" but noting that "[h]istorically, there has been no such right").

Notwithstanding the above, this Court's Standing Order 19-04 appointed the Federal Defender Services of Eastern Tennessee ("FDSET") to represent, *inter alia*, defendants who contact FDSET to file a motion for compassionate release on his or her behalf where FDSET determines that the motion would not be frivolous. Thus, in light of Standing Order 19-04's directive, the Court finds defendant's request for counsel is moot. Accordingly, defendant's motion for appointment of counsel [Doc. 661] is **DENIED** as moot.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE