UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:17-CR-37-TAV-DCP-3 |
| | ) | |
| LORENZO CANALES, | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED MEMORANDUM OPINION AND ORDER**[1]

This matter is before the Court on defendant's pro se motion for compassionate release [Doc. 665]. The United States has filed a response in opposition [Doc. 708]. The matter is now ripe for adjudication. For the reasons set forth more fully below, defendant's motion will be **DENIED**.

**I.      Background**

On July 24, 2018, defendant pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and one count of conspiracy to conduct and attempt to conduct money laundering in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(A)(i) [Docs. 299, 306]. Defendant was sentenced to 120 months'

---

[1] This Amended Memorandum Opinion and Order is identical in all respects to the original order previously entered by the Court, with the exception of the addition of this footnote. The Court was recently informed that the Clerk's Office erroneously failed to mail a copy of the original order to one or more parties entitled to service by mail. To protect any potential appellate rights that may, or may not, be impacted, the Court is issuing this Amended Memorandum Opinion and Order.

imprisonment, and, upon completion of the sentence, defendant is to be "surrendered to a duly authorized immigration official for deportation in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. § 1101 [Doc. 460].

Defendant is housed at CI Giles W. Dalby, which currently has one (1) active case of COVID-19 amongst the inmates. COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (select the privately-managed prisons hyperlink) (last visited September 22, 2021). Defendant is fifty-six (56) years old and medical records establish that he has been diagnosed with, among other ailments, obesity, type 2 diabetes, and cirrhosis of the liver [Doc. 709, p. 5]. Defendant alleges that he also has hypertension. Defendant has received the Janssen COVID-19 vaccine [*Id.*, p. 1]. Defendant is scheduled for release from the Bureau of Prisons on October 18, 2025. Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited September 28, 2021).

**II.     Legal Standard**

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a

2

defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*.

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine

3

> whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). However, as no policy statement applies to defendant-filed motions for compassionate release, the second requirement plays no role. *Id.*

### III. Analysis

#### A. Section 3582(c)(1)(A)'s Preliminary Threshold to Relief: Exhaustion

The Court examines first whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

4

The government concedes that the exhaustion requirement has been met in this case [Doc. 708]. Thus, the Court may consider the merits of defendant's request.

B. § 3553(a) factors

As noted above, the Court need not consider all three statutory prerequisites if any one would serve as a basis for denial. *Elias*, 984 F.3d at 519. In this instance, the § 3553(a) factors weigh against compassionate release, so the Court need not address whether defendant has satisfied the extraordinary and compelling reasons prong of the analysis. "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) (internal citations omitted). The "overarching" inquiry under § 3553(a) is whether the sentence imposed is "sufficient, but not greater than necessary, to comply with the purposes" outlined in § 3553(a) paragraph (2). § 3553(a); *see also Pepper v. United States*, 526 U.S. 476, 491 (2011). To this end, § 3553(a) directs the Court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed, the kinds of sentences available, the applicable guideline range, any pertinent policy statement, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims. § 3553(a); *see also Pepper*, 526 U.S. at 491.

The Court begins with the criminal conduct at issue in this case. The plea agreement describes the relevant facts as follows:

> Beginning in April 2015, the defendant entered into a cocaine distribution conspiracy, which existed in the Eastern District of Tennessee, and elsewhere. Through the use of confidential sources and Title III wiretaps, investigators learned that the defendant was distributing cocaine throughout the Eastern District of Tennessee.
>
> The defendant was co-defendant Kenneth Bradley Clevenger's supplier of cocaine. The defendant began selling one-ounce quantities every other day to Clevenger, eventually culminating in transactions involving 5 kilograms of cocaine. The defendant knew that Clevenger was selling the cocaine to others for further distribution. During the course of the conspiracy, the defendant sold 45 to 50 kilograms of cocaine to co-defendant Clevenger for resale.
>
> The defendant and co-defendants engaged in bulk cash transactions with proceeds from the sale of cocaine in order to promote and further the drug conspiracy by funding additional supplies of cocaine for distribution. In addition, the defendant and co-defendants' use of cash concealed the illegal source of the proceeds.

[Doc. 299, ¶ 3].

The Court finds that defendant's offenses were very serious and involved a significant amount of cocaine, between 45 and 50 kilograms. The Court finds that the seriousness of defendant's offenses emphasizes the need for adequate deterrence, to promote just punishment, and to protect the public from future offenses by the defendant. Furthermore, the Court notes that defendant is a citizen of the county of Mexico [Doc. 377] and is subject to deportation after he completes his sentence [Doc. 460]. Defendant also has one prior conviction for illegal entry to this country [Doc. 377, ¶ 40]. The fact that defendant has entered this country illegally on multiple occasions calls into question his

respect for the law and further emphasizes the need for adequate deterrence, to promote just punishment, and to protect the public from future offenses by the defendant.

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment. *See* 18 U.S.C. § 3553(a). Further, the Court has considered the kinds of sentences available, the guideline sentencing range, and the need to avoid unwarranted disparities. *Id.*

As the Court noted above, defendant was sentenced to a total term of imprisonment of 120 months [Doc. 460], and he is due to be released October 18, 2025, approximately 48 months from now. The Sixth Circuit has ruled that courts may consider the amount of time a defendant has served when ruling on a motion for compassionate release. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("[T]he need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate."). In this instance, including good time credit, defendant has served approximately sixty percent of his sentence, leaving a significant portion of his sentence yet to be served. The Court finds that the length of time left on defendant's sentence is another factor which weighs against compassionate release.

7

The Court is aware of defendant's medical condition, and the risk that the ongoing pandemic poses to defendant and to others. That risk is somewhat lessened by the fact that the Bureau of Prisons has begun vaccinating inmates against COVID-19, including defendant himself. The Court in no way diminishes the risk COVID-19 continues to present, but the Court must still balance the § 3553(a) factors against all other relevant evidence.

After considering the above, and all other evidence of record, the Court finds that the § 3553(a) factors weigh against compassionate release. In reaching this decision, the Court has considered the parties' filings, the PSR, the § 3553(a) factors and other relevant law, and the record as a whole. While the Court notes defendant's medical condition, that is only part of the compassionate release calculus. On the record before the Court, the sentencing factors weigh against early release, and defendant's motion for compassionate release will be **DENIED**.

## IV. Conclusion

For the reasons set forth more fully above, defendant's motion for compassionate release [Doc. 665] is **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE