UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No.: 3:17-CR-37-TAV-DCP-3 |
| LORENZO CANALES, | ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines Manual [Doc. 780]. The Federal Defender Services of Eastern Tennessee has filed a notice of no intention to supplement the pro se motion [Doc. 783]. The government has not responded, and the time for doing so has elapsed.

## I. Standard of Review

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sent'g Guidelines Manual § 1B1.10(b)(1) (U.S. Sent'g Comm'n 2023). Other than substituting Amendment 821 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended

2

guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.*; U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A), (C).[1]  In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(ii).  A court may further consider a defendant's post-sentencing conduct.  *Id.* at n.1(B)(iii)

## II.     Factual Background

Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) and conspiracy to commit money laundering [Doc. 299].  At the time of sentencing, defendant received zero criminal history points, resulting in a criminal history category of I [Presentence Investigation Report ("PSR") ¶ 41].  With a total offense level of 31 and criminal history category of I, defendant's applicable guideline range was calculated as 108 to 135 months' imprisonment [*Id.* ¶ 54].  However, because § 841(b)(1)(A) carries a mandatory minimum sentence of 120 months, his effective guideline range was 120 to 135 months [*Id.*].

The Court sentenced defendant on January 25, 2019, to 120 months' imprisonment [Doc. 460], which is within the range produced by the Guidelines.  According to the Bureau of Prisons' website, defendant is presently scheduled for release on October 18,

---

[1] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sent'g Guidelines § 1B1.10(b)(2)(B).  That is not the case here.

2024. Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed Feb. 29, 2024).

### III. Analysis

Amendment 821 to the Guidelines, which became effective on November 1, 2023, has two relevant parts. U.S. Sent'g Guidelines Supp. to App. C, amend. 821. First, Amendment 821 revises section 4A1.1's provision for the addition of "status points" to a defendant's criminal history points if the defendant committed the offense of conviction while under a criminal justice sentence. *Id.* Section 4A1.1(d) previously provided for two criminal history points to be added if the defendant committed the offense of conviction while under any criminal justice sentence. *Id.* Under Amendment 821, section 4A1.1(e) now provides for the addition of one criminal history point "if the defendant: (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *Id.* A defendant with less than seven criminal history points receives no additional "status points" under § 4A1.1. *Id.*

Secondly, Amendment 821 adds new section 4C1.1, which provides certain "zero-point offenders" with a two-level reduction to their offense level. *Id.* The two-level reduction applies if a defendant meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
(2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

4

(3) the defendant did not use violence or credible threats of violence in connection with the offense;
(4) the offense did not result in death or serious bodily injury;
(5) the instant offense of conviction is not a sex offense;
(6) the defendant did not personally cause substantial financial hardship;
(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*Id.*

Pursuant to Amendment 825, the Sentencing Commission amended section 1B1.10(d) to include these portions of Amendment 821 in the list of retroactive amendments. U.S. Sent'g Guidelines Supp. to App. C, amend. 825. The Sentencing Commission also amended section 1B1.10(e) to specify that "[t]he court shall not order a reduced term of imprisonment based on . . . Amendment 821 unless the effective date of the court's order is February 1, 2024, or later." *Id.*

Here, it appears that defendant seeks a sentence reduction under Amendment 821's addition of section 4C1.1, as he did not receive any status points under section 4A1.1. Applying Amendment 821, defendant (1) did not receive any criminal history points under Chapter 4, (2) did not receive an adjustment under § 3A1.4, (3) did not use violence or credible threats of violence, (4) did not cause death or serious bodily injury, (5) did not commit a sex offense, (6) did not personally cause substantial financial

5

hardship, (7) did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or dangerous weapon, (8) did not commit an offense involving individual rights, (9) did not receive an adjustment under § 3A1.1 or § 3A1.5, and (10) did not receive an adjustment under § 3B1.1 and was not engaged in a continuing criminal enterprise [*See generally*, PSR]. U.S. Sent'g Guidelines Supp. to App. C, amend. 821. Because defendant meets all of these criteria, under Amendment 821, he qualifies for a two-level reduction to his total offense level. *Id.*

Defendant's effective guideline range at sentencing was calculated as 120 to 135 months based on a total offense level of 31 and criminal history category I, and taking into account the mandatory minimum sentence [PSR ¶ 54]. Reducing defendant's total offense level by 2 results in a total offense level of 29, which, with a criminal history category I, results in an amended guideline range of 87 to 108 months. U.S. Sent'g Guidelines, Sent'g Table. However, because of the mandatory minimum sentence in § 841(b)(1)(A), defendant's effective amended guideline range is 120 months.

Thus, defendant was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.[2] The Court therefore lacks authority to reduce his sentence under § 3582(c)(2) and Amendment 821. U.S. Sent'g Guidelines Manual § 1B1.10(a)(2)(B).

---

[2] Although the high end of defendant's effective guideline range has been reduced from 135 months to 120 months, the Court nonetheless sentenced defendant to 120 months, which is the low end of both the original and the amended guideline ranges, and the statutory mandatory minimum sentence. The Court lacks authority under § 3582(c)(2) to depart below a mandatory minimum sentence, and therefore, it lacks authority to reduce defendant's sentence in this case.

### III. Conclusion

For the reasons stated herein, defendant's motion [Doc. 780] is **DENIED**.

IT IS SO ORDERED.

                                         s/ Thomas A. Varlan
                                         UNITED STATES DISTRICT JUDGE